| STATE OF NORTH CAROLINA | | File No. 15 CVS (illegible) |
|---|---|---|
| MECKLENBURG County | | In The General Court of Justice<br>☐ District ☒ Superior Court Division |

| Name of Plaintiff | |
|---|---|
| ZEENATH ABPLANALP | **CIVIL SUMMONS** |
| Address | |
| PO BOX 1739 | ☐ Alias and Pluries Summons |
| City, State, Zip | |
| MOORESVILLE, NC 28115 | |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| Name of Defendant(s) | Date Original Summons Issued |
| UNITED COLLECTION BUREAU, INC. | |
| | Date(s) Subsequent Summon(es) Issued |

**To Each of The Defendant(s) Named Below:**

| Name And Address of Defendant 1 | Name And Address of Defendant 2 |
|---|---|
| UNITED COLLECTION BUREAU, INC.<br>C/O CORPORATION SERVICE COMPANY<br>REGISTERED AGENT<br>327 HILLSBOROUGH STREET<br>RALEIGH, NC 27603-1725 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time | ☐ AM ☐ PM |
|---|---|---|---|
| Collum & Perry, Attorneys at Law, PA<br>PO Box 1739<br>Mooresville NC 28115 | | Signature | |
| | ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk of Superior Court | | |

| ☐ ENDORSEMENT | Date of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | | |

**NOTE TO PARTIES:** Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01

**PLAINTIFF'S EXHIBIT A**

© 2001 Administrative Office of the Courts        (Over)

**RETURN OF SERVICE**

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
COUNTY OF MECKLENBURG    FILED   SUPERIOR COURT DIVISION
                                 15 CVS _____

ZEENATH ABPLANALP,

               Plaintiff,
                                        COMPLAINT
   vs.                               (JURY TRIAL DEMANDED)

UNITED COLLECTION BUREAU, Inc.,

               Defendant.

**NOW COMES** Plaintiff, Zeenath Abplanalp, by and through counsel, and makes this Complaint against Defendant alleging and saying as follows:

## PARTIES

1. Plaintiff is an individual consumer who resides in Mecklenburg County, North Carolina.

2. The Defendant, United Collection Bureau, Inc. (UCB), is headquartered in Toledo, Ohio, with its principal place of business at 5620 Southwyck Blvd, Toledo, Ohio, 43614-1501.

3. The Defendant's registered agent is Corporation Service Company, and the Defendant may be noticed at 327 Hillsborough Street, Raleigh, North Carolina, 27603-1725.

4. At all times relevant to the subject matter of this Complaint, the Defendant was engaged in "commerce" in North Carolina as defined in N. C. Gen. Stat. § 75-1.1(b) to include *"all business activities, however denominated, but does not include professional services rendered by a member of a learned profession."*

5. Plaintiff is a natural person who is a "consumer" as defined by North Carolina's Prohibited Practices by Collection Agencies (PPCA) at N.C. Gen. Stat. § 58-70-90(2) as *"an individual, aggregation of individuals, corporation, company, association, or partnership that has incurred a debt or alleged debt."*

RECEIVED APR 01 2015 By_____

1

6. Plaintiff is also "consumer" and a person affected by a violation of the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. §§ 1692a(3) and 1692k as *"any natural person obligated or allegedly obligated to pay any debt."*.

7. The Defendant was and is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1) as *"a collection agency as defined in G.S. 58-70-15 which engages, directly or indirectly, in debt collection from a consumer."*

8. The Defendant is also a "debt collector" as defined by 15 U.S.C. §1692a(6) as, in relevant part, *"any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."*

9. The alleged debt in this matter is a "debt" alleged to be owed as defined by N.C. Gen. Stat. §58-70-90(3) as *"any obligation owed or due or alleged to be owed or due from a consumer."*

10. The alleged debt in this matter is also a "debt" as that term is defined by 15 U.S.C. § 1692a(5) as *"any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."*

11. The principal function of UCB is the collection of debts using the mails and telephone.

12. UCB regularly attempts to collect debts alleged to be due another.

13. In the case *sub judice*, the Defendant was collecting on an alleged debt originally owed to Citi Bank, N.A. (Citi), an entity <u>not</u> named at this time as a Defendant.

2

14. The relevant communications listed in this complaint that occurred by and between Plaintiff and Defendant are "communications" relating to an alleged "debt" as defined by 15 U.S.C. § 1692a(2) as *"the conveying of information regarding a debt directly or indirectly to any person through any medium."*

15. The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes.

16. The Defendant uses an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) as *"equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."*

17. There was no "established business relationship" between Plaintiff and Defendant as defined by 47 U.S.C. § 227(a)(2) in relevant part as:

> *the meaning given the term in section 64.1200 of title 47, Code of Federal Regulations, as in effect on January 1, 2003"* (a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party).

## JURISDICTION AND VENUE

18. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

3

19. Jurisdiction is proper in this Court pursuant to N.C. Gen. Stat. § 58-70-90, *et seq.*, 15 U.S.C. § 1692, and 47 U.S.C. § 227, *et seq.*

20. Venue is proper in this Court because the acts and transactions occurred in Mecklenburg County, North Carolina; Plaintiff resides in Mecklenburg County, North Carolina; and the Defendant transacts business in Mecklenburg County, North Carolina.

## STATEMENT OF FACTS

21. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

22. The actions of the Defendant were direct violations of several provisions of the North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90, *et seq.* (PPCA), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FCDPA), and of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* (TCPA).

### N.C.. Gen. Stat. § 58-70-90, *et seq.*

23. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

24. Beginning in or around June 2014 the Defendant began an aggressive campaign of harassment against the Plaintiff in an attempt to collect an alleged debt.

25. Upon information and belief, Defendant called at least 20 times to collect this debt between June 2014 and the filing of this complaint.

26. This behavior constitutes a general violation of N. C. Gen. Stat. § 58-70-100, a penumbral statute which states that *"No collection agency shall use any conduct, the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect any debt."*

4

Case 3:15-cv-00203-RJC-DCK   Document 1-1   Filed 05/05/15   Page 6 of 11

27. This behavior constitutes a specific violation § 58-70-100(3) which proscribes *"Causing a telephone to ring or engaging any person in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person."*

28. Defendant contacted other parties in such a way that the other parties understood the calls were for the collection of a debt.

29. The Defendant repeatedly called the mother of the Plaintiff's husband in an attempt to embarrass the Plaintiff.

30. These calls were so prevalent that the Plaintiff's mother-in-law wrote the Plaintiff a letter detailing the calls to the Plaintiff's great humiliation and distress.

31. The Plaintiff's husband and his mother are estranged and these calls exacerbated that strain to the Plaintiff's great humiliation and distress.

32. The Defendant also contacted the Plaintiff's husband, sister-in-law and uncle in relation to the collection of this debt to her great humiliation and distress.

33. This behavior constituted a general violation of N.C. Gen. Stat. § 58-70-105 which states that *"No collection agency shall unreasonably publicize information regarding a consumer's debt."*

34. This behavior constituted a specific violation of § 58-70-105(2) which proscribes *"Using any form of communication which ordinarily would be seen or heard by any person other than the consumer that displays or conveys any information about the alleged debt other than the name, address and phone number of the collection agency except as otherwise provided in this Part."*

Case 3:15-cv-00203-RJC-DCK   Document 1-1   Filed 05/05/15   Page 7 of 11

35. Upon information and belief, Defendant failed to disclose in many of its communications with the Plaintiff that it was attempting to collect a debt and that the purpose of the call was to collect a debt and that any information obtained would be used for that purpose

36. This behavior was a violation of N. C. Gen. Stat. §58-70-110(2) which proscribes *"Failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector; provided, however, that this subdivision does not apply to a formal pleading made in connection with legal action."*

37. All of the Defendant's actions regarding the collection of the alleged debt constituted general violations of N.C. Gen. Stat. § 58-70-115 which states that *"No collection agency shall collect or attempt to collect any debt by use of any unfair practices."*

### 47 U.S.C. § 227, *et seq.*

38. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

39. Upon information and belief, during the time relevant to this Complaint, Defendant called the Plaintiff's cellular telephone by mean of an automated dialing system without express permission to do so from the Plaintiff.

40. This action is an intentional violation of 47 U.S.C. § 227, *et seq.*, and Plaintiff seeks damages pursuant thereto.

41. Upon information and belief, Defendant used an automatic telephone dialing system or a prerecorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

6

42. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

43. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

44. Plaintiff told Defendant on multiple occasions to stop calling her cell phone because she had limited minutes.

45. Upon information and belief, when Defendant placed calls to Plaintiff's cellular telephone after being told not to do so, Defendant willfully or knowingly violated the TCPA.

46. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

### 15 U.S.C. 1692a, et seq.

47. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

48. Upon information and belief, Defendant called the Plaintiff to collect on the alleged debt at least 20 times between June 2014 and the filing of this complaint.

49. This behavior is a general violation of 15 U.S.C. § 1692d, a penumbral statute which states that *"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."*

50. This behavior is a specific violation of § 1692d(5) which proscribes *"Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."*

7

51. Upon information and belief, Defendant did not alert the Plaintiff in every call that it was a debt collector in accordance with the FDCPA.

52. This behavior violated 15 U.S.C. § 1692e(11) which proscribes:

   *The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

53. Upon information and belief, Defendant did not send a validation letter to Plaintiff within 5 days after their first communication about the debt.

54. This behavior violated 15 U.S.C. § 1692g requiring *"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall ... send the consumer a written notice..."*

55. The acts of the Defendant and its agents as described herein were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing the Plaintiff to pay monies relating to the alleged debt.

56. The actions of Defendant and its agents have proximately caused injury to Plaintiff in the form of emotional distress, humiliation, embarrassment, mental anguish, marital discord, attorney fees and other expenses.

## DEMAND FOR JURY TRIAL

57. Plaintiff exercises her right to a trial by jury on all issues so triable.

8

**WHEREFORE,** the Plaintiff respectfully requests the following relief from the Court:

1. That Plaintiff have a trial by jury upon all issues so triable.
2. That Plaintiff be awarded damages against the Defendant in an amount to be determined at trial that will fairly and reasonably compensate her for the emotional distress, aggravation, annoyance, humiliation, marital strife and inconvenience suffered as a result of the Defendant's unlawful acts.
3. That Plaintiff be awarded punitive damages against the Defendant in an amount to be determined at trial for the willful, wanton and/or reckless disregard for her legal rights.
4. That the Court issue a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent.
5. That Plaintiff be awarded actual damages in an amount to be determined at trial, $4000 in statutory damages per violation, punitive damages as determined by the jury, fees and costs pursuant to N.C. Gen. Stat. § 58-70-130.
6. That the Plaintiff be awarded maximum statutory damages of $1,500 per violation for intentional violation of 47 U.S.C. 227, *et. seq*.
7. That the Plaintiff be awarded Actual damages up to $1,000, punitive damages as determined by the jury and attorney's fees and costs pursuant to 15 U.S.C §1692k(a).
8. That Plaintiff be awarded such further and general relief that this Court may deem just, equitable and proper.

**TODAY** is March 25, 2015.

COLLUM & PERRY

M. Shane Perry
NC Bar No. 35498
109 W. Statesville Ave., Mooresville, NC 28115
Telephone: 704-663-4187
shane@collumperry.com
*Attorney for Plaintiff*

9