# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-203-RJC-DCK

| | |
|---|---|
| ZEENATH ABPLANALP, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| | ) AND ORDER |
| UNITED COLLECTION BUREAU, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant United Collection Bureau, Inc.'s Motion To Dismiss And To Compel Arbitration, Or, In The Alternative, To Stay The Proceedings" (Document No. 13). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u> in part and <u>denied</u> in part.

## BACKGROUND

Plaintiff Zeenath Abplanalp ("Abplanalp" or "Plaintiff") filed a "Complaint" (Document No. 1-1, pp.3-11) against United Collection Bureau, Inc. ("UCB" or "Defendant") in the Superior Court of Mecklenburg County, North Carolina, on March 30, 2015. Defendant filed a "Notice Of Removal Of Civil Action" (Document No. 1) with this Court on May 5, 2015. Defendant notes in its "Notice Of Removal…" that "Plaintiff asserts three causes of action purporting to arise under (1) N.C. Gen. Stat. § 58-70-90, *et seq.*, (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and (3) the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq.*" (Document No. 1, p.1).

The Court issued a "Pretrial Order And Case Management Plan" (Document No. 5) on June 24, 2015. The "…Case Management Plan" includes the following deadlines: discovery completion – November 6, 2015; mediation – November 30, 2015; dispositive motions – December 7, 2015; and trial – March 7, 2016. (Document No. 5).

Defendant filed the pending "… Motion To Dismiss And To Compel Arbitration, Or, In The Alternative, To Stay The Proceedings" (Document No. 13) and "…Memorandum In Support…" (Document No. 14) on October 30, 2015. The "Response To Defendant United Collection Bureau Inc.'s Motion To Dismiss And To Compel Arbitration. . ." (Document No. 19) was filed on November 20, 2015. Defendant's "…Reply In Support…" was then filed on December 4, 2015.

This instant motion is ripe for review and disposition, and as such, a Memorandum And Recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

**DISCUSSION**

By its motion, Defendant requests that the Court issue an Order dismissing Plaintiff's Complaint without prejudice and compelling Plaintiff to submit her claims to arbitration. (Document No. 13, p.1). Or, in the alternative, Defendant requests that the Court stay these proceedings pending: (1) resolution of challenges currently before the Federal Communications Commission ("FCC"); and (2) class action settlement in <u>Graff v. United Collection Bureau, Inc.</u>, 2:12-CV-02402 (E.D.N.Y.). (Document No. 13, p.1; Document No. 14, p.2).

A. **Arbitration Agreement**

Defendant first asserts that Plaintiff "is required to arbitrate her claims brought in this lawsuit against UCB under the Federal Arbitration Act ("FAA")." (Document No. 14, p.1). Defendant notes that Plaintiff's claims are asserted against Defendant UCB for its alleged actions

2

in attempting to collect a debt on behalf of Citibank, N.A. ("Citibank"). Id. Defendant contends that "Plaintiff's Card Agreement with Citibank contains a written arbitration provision ("Arbitration Agreement")" that "provides that claims by Plaintiff against anyone connected with or claiming through Citibank, including anyone to whom Plaintiff's debt was assigned for collection . . . are subject to arbitration." (Document No. 14, pp.1-2).

In support of its position that there is an applicable Arbitration Agreement, Defendant cites to the "Declaration Of Colene McNinch" (Document No. 10-2) and its attached "Card Agreement" (Document No. 10-2, pp.4-9) that were filed as exhibits to Defendant's "…Reply In Support Of Motion For Leave To File First Amended Answer" (Document No. 10) on October 26, 2015. See (Document No. 14, pp.3-5).

In response, Plaintiff asserts that she was "never noticed of an arbitration agreement." (Document No. 19, p.1). Plaintiff also notes that the Card Agreement produced by Defendant is not signed by Plaintiff, that the only date on the document is a copyright for 2011, and that there is no proof of notice attached. Id. (citing Document No. 10-2, pp.4-9). Plaintiff further suggests that the "Declaration of Colene McNinch" lacks sufficient specificity to link the cited Card Agreement and/or alleged Arbitration Agreement to Plaintiff. Id. Plaintiff concludes that there is no evidence that the proffered Arbitration Agreement "applies to any account of Plaintiff's." (Document No. 19, p.3).

Defendant's reply contends that "unrebutted evidence establishes Plaintiff is a party to the Arbitration Agreement" and that the gateway question of arbitrability should be decided by an arbitrator. (Document No. 22, p.1). Specifically, Defendant argues that "Plaintiff agreed to the Arbitration Agreement because she used her credit card account." (Document No. 22, p.2) (citations omitted).

The undersigned finds that this issue presents a close call. After careful consideration of the arguments and authority presented to the Court, the undersigned is persuaded that Plaintiff has raised compelling questions regarding the validity of the parties' alleged Arbitration Agreement. In particular, the undersigned is concerned that neither the McNinch Declaration, nor the alleged Card Agreement containing the alleged Arbitration Agreement, include any information that connects Plaintiff to those Agreements. See (Document No. 10-2). As noted by Plaintiff, Defendant has failed to show or allege, *inter alia*, any dates, signatures, or account numbers that supposedly connect the Arbitration Agreement to any account owned by Plaintiff. (Document No. 19).

Under the circumstances, the undersigned will recommend that the motion to dismiss this case and compel arbitration be denied without prejudice. Even if the undersigned determined there is an applicable arbitration agreement between these parties, it is more likely that this case would be stayed than dismissed, pending the outcome of arbitration. Regardless, based on the arguments and authority presented by the parties, the undersigned is not persuaded that arbitration should be compelled.

**B. FCC Resolution**

Next, Defendant makes the alternative argument that this case should be stayed "pending resolution of challenges currently before the Federal Communications Commission ("FCC") concerning what telephony systems qualify as an automatic telephone dialing system ("ATDS"), which should be dispositive of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") claims asserted by Plaintiff." (Document No. 14, pp. 2, 16-21). Defendant contends that "Plaintiff's claims for alleged violations of the TCPA are subject to a pending challenge to the FCC's July 2015 Declaratory Ruling and Order interpreting the TCPA." (Document No. 14, p.2)

4

(citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961 (2015) (the "FCC Order").

Defendant contends that "Plaintiff alleges that calls placed manually to her alleged cellular phone number are violations of the TCPA because, although the calls were manually dialed, Plaintiff claims the telephony system used to place calls had the capacity to place an autodialed call and thus she claims it qualifies as an ATDS within the TCPA, in particular as an ATDS is defined by the FCC Order." (Document No. 14, pp.2-3). See also, (Document No. 1-1, pp.5, 8-9).

Defendant notes that there are several appeals of the FCC Order "proceeding in the Court of Appeals for the District of Columbia Circuit, the resolution of any of which could be dispositive to the TCPA claims in this case." (Document No. 14, p.3) (citing ACA Int'l v. FCC, No. 15-1211 (D.C. Cir. July 10, 2015). According to Defendant, the United States Judicial Panel on Multidistrict Litigation consolidated these lawsuits before the Court of Appeals for the District of Columbia (the "Challenge Lawsuit"). (Document No. 14, p.17). Defendant argues that the pending challenge(s) to the FCC Order favor a stay, pursuant to the primary jurisdiction doctrine. (Document No. 14, p.3).

More specifically, Defendant asserts that to prove her TCPA claims, Plaintiff must prove that Defendant UCB used an ATDS to call Plaintiff's cell phone. (Document No. 14, p.20). Defendant argues that the telephone system used to place the calls at issue in this case is not an ATDS, but acknowledges that the FCC Order has caused significant confusion on this point. Id. Defendant concludes that a final resolution of the definition of ATDS under the TCPA is necessary to resolve the claims in this case. (Document No. 14, p.21).

Plaintiff's "Response…" (Document No. 19) declines to rebut, or even mention, Defendant's argument for a stay based on the pending appeal(s) of the FCC Order.

In reply, Defendant notes that "Plaintiff entirely failed to address the other reason for staying this proceeding," and argues that "the Court should find this argument to be uncontested." (Document No. 22, p.11). Defendant re-asserts that resolution of the definition of ATDS under the TCPA is critical to resolving the issues in this case, and therefore, in the interests of judicial economy this matter should be stayed.[1]

Based on Defendant's arguments and citations, and the lack of any rebuttal from Plaintiff, the undersigned finds good cause to recommend that this matter be stayed until the related Challenge Lawsuit regarding the FCC Order, currently before the United States Court of Appeals for the District of Columbia Circuit, is resolved.

**C. Graff Class Action**

Finally, Defendant argues that Plaintiff is a member of the settlement class in Graff v. United Collection Bureau, Inc., Case no. 2:12-cv-02402 (E.D.N.Y.), which should be dispositive of claims brought by Plaintiff. (Document No. 14, pp.2-3, 21-23). As such, Defendant presents an additional alternative argument that this matter should be stayed pending final approval of the class action settlement in Graff. Id.

Because the undersigned is persuaded that there is already sufficient support for staying this matter pending appellate review of the FCC Order, the undersigned will decline to make a full analysis of Defendant's alternative argument based on the Graff lawsuit. Instead, the undersigned

---

[1] "Defendant's Suggestion Of Subsequently Decided Authority" (Document No. 23) was filed on December 21, 2015. That filing attaches a recent decision by the United States District for the Central District of California staying a case pending a ruling by the Court of Appeals on the FCC Order.

6

recommends that Plaintiff's final alternative request to stay this case pursuant to Graff be denied as moot, without prejudice to re-file at a later date if necessary and appropriate.

## RECOMMENDATION AND ORDER

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant United Collection Bureau, Inc.'s Motion To Dismiss And To Compel Arbitration, Or, In The Alternative, To Stay The Proceedings" (Document No. 13) be **GRANTED in part and DENIED in part**. Specifically, the undersigned recommends that the request to dismiss and/or compel arbitration be denied, but that the request to stay be granted.

**IT IS FURTHER ORDERED** that the parties shall file a Status Report, jointly if possible, on **April 1, 2016**, and **every ninety (90) days** thereafter, until this action is **CLOSED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: January 7, 2016

David C. Keesler
United States Magistrate Judge