RECEIVED
Charlotte, NC

NOV - 3 2016

Clerk, US District Court
Western District NC

BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

3:15-CV-203

In re: United Collection Bureau, Inc.
Telephone Consumer Protection Act Litigation

MDL- 1:16-P-106

## MOTION BY DEFENDANT UNITED COLLECTION BUREAU, INC. TO TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF OHIO PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

1. Defendant United Collection Bureau, Inc. ("UCB") is a defendant in five actions alleging that it violated the Telephone Consumer Protection Act.

2. These lawsuits are pending in the Western District of North Carolina, Northern District of Ohio, and Middle District of Pennsylvania.

3. UCB respectfully moves this Panel, pursuant to 28 U.S.C. § 1407, to consolidate the pretrial proceedings in the five lawsuits because the actions are pending in multiple districts and concern overlapping questions of law or fact.

/s/ Keith Barnett
Keith Jerrod Barnett
Troutman Sanders, LLP
600 Peachtree St NE # 5200
Atlanta, GA 30308
Email: keith.barnett@troutmansanders.com
Telephone: (404) 885-3423
**Counsel for Defendant: United Collection Bureau, Inc.**

Lindsey B. Mann
Troutman Sanders, LLP
600 Peachtree St NE # 5200
Atlanta, GA 30308
Email: Lindsey.mann@troutmansanders.com
Telephone: (404) 885-2743
**Counsel for Defendant: United Collection Bureau, Inc.**

Ethan G. Ostroff
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462

1

29508919

Telephone: (757) 687-7541
Email: Ethan.ostroff@troutmansanders.com
**Counsel for Defendant: United Collection Bureau, Inc.**

BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: United Collection Bureau, Inc.
Telephone Consumer Protection Act Litigation

MDL- 1:16-P-106

## MOTION BY DEFENDANT UNITED COLLECTION BUREAU, INC. TO TRANSFER ACTIONS TO THE NORTHERN DISTRICT OF OHIO PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

1. Defendant United Collection Bureau, Inc. ("UCB") is a defendant in five actions alleging that it violated the Telephone Consumer Protection Act.

2. These lawsuits are pending in the Western District of North Carolina, Northern District of Ohio, and Middle District of Pennsylvania.

3. UCB respectfully moves this Panel, pursuant to 28 U.S.C. § 1407, to consolidate the pretrial proceedings in the five lawsuits because the actions are pending in multiple districts and concern overlapping questions of law or fact.

/s/ Keith Barnett
Keith Jerrod Barnett
Troutman Sanders, LLP
600 Peachtree St NE # 5200
Atlanta, GA 30308
Email: keith.barnett@troutmansanders.com
Telephone: (404) 885-3423
**Counsel for Defendant: United Collection Bureau, Inc.**

Lindsey B. Mann
Troutman Sanders, LLP
600 Peachtree St NE # 5200
Atlanta, GA 30308
Email: Lindsey.mann@troutmansanders.com
Telephone: (404) 885-2743
**Counsel for Defendant: United Collection Bureau, Inc.**

Ethan G. Ostroff
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462

Telephone: (757) 687-7541
Email: Ethan.ostroff@troutmansanders.com
**Counsel for Defendant: United Collection Bureau, Inc.**

BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: United Collection Bureau, Inc.
Telephone Consumer Protection Act Litigation

MDL- 1:16-P-106

BRIEF BY DEFENDANT UNITED COLLECTION BUREAU, INC. TO TRANSFER
ACTIONS TO THE NORTHERN DISTRICT OF OHIO PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

I. INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and Rule 7.2(a) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, defendant United Collection Bureau, Inc. ("UCB") respectfully submits this memorandum of law in support of its motion for transfer of all currently filed federal cases discussed in this memorandum and any subsequent "tag along" cases involving similar claims to the United States District Court for the Northern District of Ohio.

Five lawsuits have been filed against UCB in three different federal district courts in which plaintiffs allege that UCB violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by calling their cellular telephones without consent to collect a debt using an automated dialing system or prerecorded device. Because there are common questions of law or facts in all five lawsuits and a consolidation to one district court will streamline the cases and promote judicial economy, UCB respectfully requests that the Panel transfer all five actions and upcoming similar cases for coordinated proceedings in the Northern District of Ohio.

II. STATEMENT OF FACTS

On May 5, 2015, Plaintiff Zeenath Abplanalp ("Abplanalp") filed a Complaint against UCB in the Western District of North Carolina alleging TCPA violations. Abplanalp alleges that UCB violated the TCPA by calling her cellular phone by using an automated dialer and leaving

1

29102010

prerecorded voicemail messages on her cellular phone to collect a debt without her consent. The Complaint also alleges that UCB violated the Fair Debt Collection Practice Act ("FDCPA").

On May 9, 2016, Plaintiff Deborah Meredith ("Meredith"), on behalf of herself and a class, filed a Complaint against UCB in the Northern District of Ohio alleging TCPA violations. Meredith alleges that UCB violated the TCPA by calling her cellular phone by using an automated dialer and leaving prerecorded voicemail messages on her cellular phone to collect a debt without her consent.

On May 23, 2016, Plaintiff Patrick Compton ("Compton") filed a lawsuit against UCB in the Northern District of Ohio alleging TCPA violations. Compton alleges that UCB violated the TCPA by calling his cellular phone by using an automated dialer and leaving prerecorded voicemail messages on his cellular phone to collect a debt without her consent. Compton also alleges that UCB violated the FDCPA.

On July 1, 2016, Plaintiff Tisen Dickson ("Dickson") filed a Complaint against UCB in the Middle District of Pennsylvania alleging TCPA violations. Dickson alleges that UCB violated the TCPA by calling his cellular phone by using an automated dialer and leaving prerecorded voicemail messages on his cellular phone to collect a debt without his consent. Dickson also alleges that UCB violated the FDCPA.

On July 22, 2016, Plaintiff Angela Ehrhart ("Ehrhart") filed a Complaint against UCB in the Middle District of Pennsylvania alleging TCPA violations. Ehrhart alleges that UCB violated the TCPA by calling her cellular phone by using an automated dialer and leaving prerecorded voicemail messages on her cellular phone to collect a debt without her consent. Ehrhart also alleges that UCB violated the FDCPA.

The five lawsuits described above are hereafter collectively referred to as the Lawsuits.

29102010

## III. ARGUMENT

### A. All of the Requirements for Transferring to an MDL Are Met

The Lawsuits must be transferred pursuant to 28 U.S.C. § 1407 because they are multiple civil actions pending in different districts. "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." *See* 28 U.S.C. § 1407. Section 1407 authorizes the transfer of two or more civil actions pending in different districts for consolidated pretrial proceedings when: (1) the actions involve one or more common questions of fact; (2) transfer will be for the convenience of parties and witnesses; and (3) transfer will promote the just and efficient conduct of such actions. *Id.*; *see also In re Refrigerant Gas Anti-Tr. Litig.*, 334 F. Supp. 996 (J.P.M.L. 1971) (granting MDL Motion to Transfer); *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163 (J.P.M.L. 1976) (same); *In re Roadway Express, Inc. Emp't Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974) (same). The Judicial Panel on Multidistrict Litigation has consolidated lawsuits seeking damages under the TCPA. *See, e.g., In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act Litig.*, 899 F. Supp. 2d 1382 (J.P.M.L. 2012); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 846 F. Supp. 2d 1380 (J.P.M.L. 2011); *In re Convergent Tel. Consumer Prot. Act Litig.*, 981 F. Supp. 2d 1385, 1386 (J.P.M.L. 2013).

#### 1. The lawsuits involve common questions of law or fact.

The Lawsuits must be consolidated because the each complaint alleges that UCB violated the TCPA. Although one of the requirements for a transfer under section 1407 is a common question of law or fact, neither the statute nor case law decided thereunder requires all cases to

3

29102010

completely overlap as a prerequisite of a transfer. *In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004); *Drew v. Am. Home Prods. (In re Diet Drugs Phentermine/Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.)*, No. 1203, 2012 U.S. Dist. LEXIS 44704, at *4 (E.D. Pa. Mar. 30, 2012) (denying plaintiff's request to remand the case back to the transferor court where plaintiff's case contained similar question of fact as the existing MDL cases); *Glazer v. Whirlpool Corp.*, No. 1:08-CV-1624, 2008 U.S. Dist. LEXIS 85799, at *2 (N.D. Ohio Oct. 6, 2008) (staying proceedings until the Judicial Panel on Multidistrict Litigation ruled on defendant's motion to transfer, recognizing the similar overlapping claims faced by the defendant in multiple jurisdictions).

Here, all of the plaintiffs in the Lawsuits have alleged that UCB violated the TCPA by making debt collection calls to cellular phones without consent using an automated dialer and/or leaving a prerecorded message. Four of the lawsuits also allege that UCB violated the FDCPA in addition to the alleged violations of the TCPA. Although the plaintiff in *Meredith* has not asserted a FDCPA claim against UCB, she, like the plaintiffs in the other lawsuits, has alleged that UCB called her cellular phone using an automated dialer or prerecorded device in order to collect a debt without consent to call the cell phone. (Compton Compl. ¶¶ 25, 27; Dickson Compl. ¶¶ 20, 33; Meredith Compl. ¶¶ 16-17; Ehrhart Compl. ¶¶ 27, 40; Abplanalp Compl. ¶¶ 38-46.) Furthermore, the plaintiffs in the other cases arguably fall within the class that Meredith has proposed.[1] Because the lawsuits involve common questions of law or fact, the Court should grant this motion.

---

[1] UCB will oppose Plaintiff Deborah Meredith's class certification motion.

### 2. A transfer will serve the convenience of the parties, promote judicial efficiency and consistency, and prevent duplicative discovery.

In TCPA cases, consolidations streamline discovery, reduce discovery delays and costs, prevent inconsistent pre-trial rulings, and promote judicial economy. *See In re First Nat'l Collection Bureau, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 11 F. Supp. 3d 1353, 1354 (J.P.M.L. Apr. 8, 2014) ("Although there are relatively few parties and actions at present, efficiencies can be gained from having these actions proceed in a single district," such as "eliminat[ing] duplicative discovery; prevent[ing] inconsistent pretrial rulings . . . and conserv[ing] the resources of the parties, their counsel, and the judiciary."); *In re Convergent Tel. Consumer Prot. Act Litig.*, 981 F. Supp. 2d 1385, 1386 (J.P.M.L. 2013) (same).

Although the *Meredith* case is styled as a class action and UCB does not believe that circumstances in *Meredith* will allow certification of the proposed class as a matter of law, it is important to note that the plaintiffs in the other cases may likely fall within the *Meredith* plaintiff's proposed class definition. As a result, there will likely be an overlap of discovery in the Lawsuits. For example, the plaintiffs in each case will likely seek discovery as to the manner in which UCB called the different plaintiffs—actual and putative—and UCB will likely send substantially similar interrogatories and document requests to the plaintiffs. Furthermore, all five cases are likely to involve extensive motion practice, including discovery motions. As a result, transfer to an MDL will prevent the possibility of inconsistent pre-trial rulings and a transfer will promote judicial economy. None of the pending cases have progressed to the point where significant efficiencies will be forfeited through transfer to an MDL proceeding as the parties have just started the discovery process. *In re: BP p.l.c. Secs. Litig.*, 734 F.Supp.2d at 1379 ("Since all the actions in this docket are at an early stage, transfer to another district should not be unduly disruptive.") This motion must be granted.

29102010

## B. The Proper Transferee Forum Is the Northern District of Ohio

The Lawsuits should be transferred to and consolidated in the Northern District of Ohio because two of the cases have been filed in that district and UCB's headquarters is located in Ohio. In determining the proper location for MDL proceedings, the Panel frequently considers both the location of the witnesses and information related to a Plaintiff's claims and the location of the pending proceedings. *See, e.g., In re Benicar (Olmesartan) Prods. Liab. Litig.*, 96 F. Supp. 3d 1381, 1382 (J.P.M.L. 2015) (selecting District of New Jersey for multidistrict proceedings because "defendants, are headquartered in that district, and thus many witnesses and relevant documents are likely to be found there."); *In re Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1381 (J.P.M.L. 2014) (establishing MDL in Southern District of Indiana in part because "[defendant] Cook is headquartered in Indiana, where relevant documents and witnesses are likely to be found."); *In re: LivingSocial Marketing and Sales Practices Litig.*, 807 F. Supp. 2d 1379, 1380 (J.P.M.L. 2011) ("LivingSocial is headquartered in the District of Columbia and, accordingly, the majority of relevant documents and witnesses are located there."); *In re Gerber Probiotic Prods. Mktg.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (panel considers the location of the pending lawsuits in determining where the MDL should occur.) Therefore, the Northern District of Ohio is the proper forum for the MDL proceedings.

## IV. CONCLUSION

UCB respectfully requests that the Panel transfer all TCPA actions discussed, as well as subsequently filed cases, to the Northern District of Ohio, for pretrial proceedings.

29102010

/s/ *Keith Barnett*
Keith Jerrod Barnett
Troutman Sanders, LLP
600 Peachtree St NE # 5200
Atlanta, GA 30308
Email: keith.barnett@troutmansanders.com
Telephone: (404) 885-3423
**Counsel for Defendant: United Collection Bureau, Inc.**

Lindsey B.Mann
Troutman Sanders, LLP
600 Peachtree St NE # 5200
Atlanta, GA 30308
Email: Lindsey.mann@troutmansanders.com
Telephone: (404) 885-2743
**Counsel for Defendant: United Collection Bureau, Inc.**

Ethan G. Ostroff
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Email: Ethan.ostroff@troutmansanders.com
Telephone: (757) 687-7541
**Counsel for Defendant: United Collection Bureau, Inc.**

# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL - I-16-?-106 - In re: United Collection Bureau, Inc. TCPA Litigation

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff: Zeenath Abplanalp<br><br>Defendant: United Collection Bureau, Inc. | W.D. North Carolina | 3:2015-cv-00203 | Robert J. Conrad, Jr. |
| Plaintiff: Deborah Meredith<br><br>Defendant: United Collection Bureau, Inc. | N.D. Ohio | 1:2016-cv-01102 | Patricia A. Gaughan |
| Plaintiff: Patrick Compton<br><br>Defendant: United Collection Bureau, Inc. | N.D. Ohio | 3:2016-cv-01234 | Jeffrey J. Helmick |
| Plaintiff: Tisen Dickson<br><br>Defendant: United Collection Bureau, Inc. | M.D. Pennsylvania | 1:2016-cv-01387 | John E. Jones, III |

| Plaintiff: Angela Ehrhart<br><br>Defendant: United Collection Bureau, Inc. | M.D. Pennsylvania | 3:2016-cv-01519 | William Nealon |

/s/ *Keith Barnett*
Keith Jerrod Barnett
Troutman Sanders, LLP
600 Peachtree St NE # 5200
Atlanta, GA 30308
Email: keith.barnett@troutmansanders.com
Telephone: (404) 885-3423
**Counsel for Defendant: United Collection Bureau, Inc.**

Lindsey B. Mann
Troutman Sanders, LLP
600 Peachtree St NE # 5200
Atlanta, GA 30308
Email: Lindsey.mann@troutmansanders.com
Telephone: (404) 885-2743
**Counsel for Defendant: United Collection Bureau, Inc.**

Ethan G. Ostroff
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Email: Ethan.ostroff@troutmansanders.com
**Counsel for Defendant: United Collection Bureau, Inc.**

## BEFORE THE UNITED STATES
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**In re:** United Collection Bureau, Inc.
Telephone Consumer Protection Act Litigation

MDL- 1:16-P- 106

### Proof of Service

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Action, Docket Reports and Complaints, and this Certificate of Service was served via regular mail on Friday, October 28, 2016 to the following:

Clerk, Western District North Carolina
Charlotte, North Carolina

Clerk, Northern District Ohio
Cleveland, Ohio

Clerk, Northern District Ohio
Toledo, Ohio

Clerk, Middle District Pennsylvania
Harrisburg, Pennsylvania

Clerk, Middle District Pennsylvania
Scranton, Pennsylvania

    M. Shane Perry
    Collum & Perry, PLLC
    109 W. Statesville Ave.
    Mooresville, NC 28115
    704-663-4187
    Fax: 704-663-4178
    Email: shane@collumperry.com
    **Counsel for Plaintiff: Zeenath Abplanalp**
    W.D. North Carolina, No. 3:2015-cv-00203

Alexander H. Burke
Ste. 9020
155 North Michigan Avenue

1

29509354

Fax: 312-729-5289
Email: aburke@burkelawllc.com
**Counsel for Plaintiff: Deborah Meredith**
N.D. Ohio, No. 1:2016-cv-01102

David M. Marco
Smith Marco
Ste. 2120
20 South Clark Street
Chicago, IL 60603
312-546-6539
Fax: 888-418-1277
Email: dmarco@smithmarco.com
**Counsel for Plaintiff: Deborah Meredith**
N.D. Ohio, No. 1:2016-cv-01102

Larry P. Smith
Smith Marco
Ste. 2120
20 South Clark Street
Chicago, IL 60603
312-324-3532
Fax: 888-418-1277
Email: lsmith@smithmarco.com
**Counsel for Plaintiff: Deborah Meredith**
N.D. Ohio, No. 1:2016-cv-01102

Mitchel E. Luxenburg
Luxenburg & Levin - Beachwood
Ste. 105
23875 Commerce Park
P.O. Box 22282
Beachwood, OH 44122
216-452-9301
Fax: 866-551-7791
Email: Mitch@mluxlaw.com
**Counsel for Plaintiff: Deborah Meredith**
N.D. Ohio, No. 1:2016-cv-01102

Joseph C. Hoeffel
Kimmel & Silverman
30 East Butler Pike
Ambler, PA 19002
215-540-8888
Fax: 877-788-2864
Email: jhoeffel@creditlaw.com
**Counsel for Plaintiff: Patrick Compton**
N.D. Ohio, No. 3:2016-cv-01234

Amy Bennecoff Ginsburg
Kimmel & Silverman
30 East Butler Pike
Ambler, PA 19002
215-540-8888
Fax: 215-540-8817
Email: aginsburg@creditlaw.com
**Counsel for Plaintiffs: Patrick Compton, Tisen Dickson**
N.D. Ohio, No. 3:2016-cv-01234

Richard J. Albanese
Kimmel & Silverman, PC
30 East Butler Pike
Ambler, PA 19002-4514
215-540-8888
Email: ralbanese@creditlaw.com
**Counsel for Plaintiffs: Patrick Compton, Tisen Dickson**
N.D. Ohio, No. 3:2016-cv-01234

Amy Bennecoff Ginsburg
Kimmel & Silverman
30 East Butler Pike
Ambler, PA 19002
215-540-8888
Fax: 215-540-8817
Email: aginsburg@creditlaw.com
**Counsel for Plaintiffs: Tisen Dickson**
M.D. Pennsylvania, No. 1:2016-cv-01387

3

29509354

Richard J. Albanese
Kimmel & Silverman, PC
30 East Butler Pike
Ambler, PA 19002-4514
215-540-8888
Email: ralbanese@creditlaw.com
**Counsel for Plaintiffs: Tisen Dickson**
M.D. Pennsylvania, No. 1:2016-cv-01387

Craig Thor Kimmel
Kimmel & Silverman
30 East Butler Pike
Ambler, PA 19002
215-540-8888
Email: kimmel@creditlaw.com
**Counsel for Plaintiff: Angela Ehrhart**
M.D. Pennsylvania, No. 3:2016-cv-01519


*/s/ Keith Barnett*
Keith Jerrod Barnett
Troutman Sanders, LLP
600 Peachtree St NE # 5200
Atlanta, GA 30308
Email: keith.barnett@troutmansanders.com
**Counsel for United Collection Bureau, Inc.**